IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00423-CR

 

Kevin Ray Sykes,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 13th District
Court

Navarro County, Texas

Trial Court No. 29,885

 



MEMORANDUM  Opinion



 

      Appellant Kevin Ray Sykes appeals his
conviction of Aggravated Assault.  We will affirm the judgment.

Background

      Sykes
visited the Longbranch Saloon in Corsicana, Texas on the evening of October 16,
2004.  Late in the evening, an altercation occurred between Sykes and another
patron, Jerry Thompson.  At trial, the State presented three witnesses who
testified that, without provocation, Sykes hit Thompson in the mouth with the
end of a pool stick.  Sykes offered testimony from two witnesses who said that
Thompson first hit Sykes in the ear with a beer bottle or beer mug and that Sykes
was acting in self defense.

Sykes was convicted of
Aggravated Assault and sentenced to twenty-five years in prison.  On appeal, he
challenges the factual sufficiency of the evidence.

Factual Sufficiency of the Evidence

In a factual-sufficiency review, we view
all of the evidence in a neutral light and consider only whether a jury was
rationally justified in finding guilt beyond a reasonable doubt.  Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  However, there are two
ways in which the evidence may be insufficient.  Id.  First, when
considered by itself, evidence supporting the verdict may be too weak to
support the finding of guilt beyond a reasonable doubt.  Id.  Second,
there may be both evidence supporting the verdict and evidence contrary to the
verdict.  Id.  Weighing all the evidence under this balancing scale, the
contrary evidence may be strong enough that the beyond-a-reasonable-doubt
standard could not have been met, so the guilty verdict should not stand.  Id. at 485.  This standard acknowledges that evidence of guilt can preponderate in
favor of conviction but still be insufficient to prove the elements of the crime
beyond a reasonable doubt.  Id.  Stated another way, evidence supporting
guilt can outweigh the contrary proof and still be factually insufficient under
a beyond-a-reasonable-doubt standard.  Id.

Zuniga also reminds us that we must defer to
the jury’s determination.  See id. at 481. (citing Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997)).  The jury determines the
credibility of the witnesses and may “believe all, some, or none of the
testimony.”  Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App.
1991).  It is the jury that accepts or rejects reasonably equal competing
theories of a case.  Goodman v. State, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001).  The evidence is not factually insufficient merely because
the factfinder resolved conflicting views of evidence in favor of the State.  Cain,
958 S.W.2d at 410.

      Sykes was indicted for
“intentionally, knowingly, or recklessly caus[ing] serious bodily injury to
Jerry E. Thompson by hitting him with a pool stick.”  See Tex. Pen. Code Ann. § 22.02(a)(1) (Vernon Supp. 2006).  Thompson testified that he did not know Sykes and did not hit him or
provoke him in any way.  Sykes testified that he made a “smart comment” to
Thompson, who immediately hit him with a beer mug or beer bottle.  Sykes said
he had a pool stick in his hand and used it to defend himself.  He also
testified that the mug or bottle “took off half of his ear.”  However, he
admitted that he did not seek treatment for any injuries.

      Scott Otto of the Corsicana
Police Department testified that he spoke to two witnesses at the bar and found
no evidence that Sykes was provoked.  Further, he testified that he asked if
any of the others present at the bar wanted to make a statement.  No one
offered any additional information or suggested that Sykes acted in self-defense.

Bruce Greer, the bartender
on duty at the time of the incident, testified that he saw Sykes walk around
the bar, pick up the pool stick, and hit Thompson with it in the mouth.  Before
trial, Greer had written a letter stating that he was under the influence of
drugs the evening of October 16, 2004 and is “not really aware of what
happened.”  At trial, he explained that he was in jail and had been threatened
by other inmates not to testify.  He hoped the letter would prevent his
testifying.

Tereso Sanchez testified
that he arrived at the bar around the time Thompson arrived and was talking to him
at the time of the altercation.  Shelley Walker testified that she was talking
to Greer at the time of the incident and saw Sykes walk over to Thompson, pick
up a pool stick, and hit Thompson.  Both Sanchez and Walker testified that
Sykes hit Thompson without provocation.

Tracy Richards, Sykes’
friend, testified that she saw Thompson hit him with a beer mug or beer
bottle.  She testified that the container did not break but that Sykes was
severely injured.  William and Kimberly Barlow, Thompson’s former employees, testified that he admitted to
them that he hit Sykes first.  Tracy Richards’ father, Jim Richards, testified
that he saw Thompson hit Sykes and saw “glass fly.”

Throughout trial, the
witnesses disagreed on whether Thompson hit Sykes first, which witnesses could
have possibly seen the altercation, whether the lights and music in the bar
were on or off, whether Thompson hit Sykes first, and, if so, whether the mug
or bottle broke.

Considering all of the
evidence in a neutral light, we find that the jury was justified in finding
Sykes guilty.  Zuniga, 144 S.W.3d at 484.  We must defer to the jury’s
determination of the credibility of the witnesses.  Johnson, 23 S.W.3d
at 7.  We cannot say that
the evidence is not factually sufficient because the jury resolved the
conflicting views of the evidence in favor of the State.  Cain, 958
S.W.2d at 410.  Further, the evidence supporting the finding of guilt was not
too weak to support the finding beyond a reasonable doubt.  See Zuniga,
144 S.W.3d at 484-85.  Accordingly, we find that the evidence was factually
sufficient, and we overrule Sykes’ sole issue.

Conclusion

Having overruled Sykes’ sole issue, we
affirm the trial court’s judgment.  

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed September 20, 2006

Do
not publish

[CR25]